UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GAFUR-ARSLANBEK AKHEMDOVICH RAKHIMOV**<br>    Villa R1, Sawsan Street, 2<br>    Emirates Hills<br>    Dubai, U.A.E<br>                    *Plaintiff*,<br><br>v.<br><br>**ANDREA M. GACKI**<br>in her official capacity as<br>    Director of the United States<br>    Department of the Treasury<br>    Office of Foreign Assets Control<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                    *Defendant*,<br><br>and<br><br>**THE UNITED STATES DEPARTMENT OF THE TREASURY, OFFICE OF FOREIGN ASSETS CONTROL**<br>    1500 Pennsylvania Avenue, NW<br>    Freedman's Bank Building<br>    Washington, D.C. 20220<br><br>                    *Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>CIV. NO. 19-2554<br><br>ECF |

Gafur-Arslanbek Akhemdovich Rakhimov ("Rakhimov") brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea Gacki, and in support of his Complaint alleges the following.

**INTRODUCTION**

1.  On February 23, 2012, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") designated Rakhimov under Executive Order 13581 ("E.O. 13581") for allegedly acting for or on behalf of the "Brother's Circle," a purported transnational criminal organization identified in the Annex to E.O. 13581. *See* U.S. Dept. of the Treasury's Press Center, *Treasury Imposes Sanctions on Key Members of the Yakuza and Brother's Circle Criminal Organizations*, February 23, 2012.

2.  OFAC amended Rakhimov's designation on December 22, 2017 to allege that he provides material support to the "Thieves-in-Law," another purported transnational criminal organization. *See* U.S. Dept. of the Treasury's Press Center, *Treasury Targets the "Thieves-in-Law" Eurasian Transnational Criminal Organization*, Dec. 22, 2017. As part of this amendment, OFAC removed the references to Rakhimov and the "Brother's Circle" from his SDN List entry and rescinded the Brother's Circle's designation under E.O. 13581. Notice of OFAC Sanctions Action*,* 82 Fed. Reg. 61,662

3.  Due to his designation under E.O. 13581, all of Rakhimov's property and interests in property within the United States or within the possession or control of U.S. persons, wherever located, were blocked as of February 23, 2012, and cannot be transferred, paid, exported, withdrawn, or otherwise dealt in. Consequently, Rakhimov's nearly eight-year long designation by OFAC has caused, and continues to cause, him irreparable financial and reputational injury.

4.  Despite being deprived adequate post-deprivation notice of the reasons for his designation, Rakhimov sought rescission of that designation on August 1, 2018. At that time, he also requested a copy of the administrative record underlying his designation.

5.  Since that time, OFAC has engaged in unprecedented agency actions that have unnecessarily delayed the processing of Rakhimov's requests, and have forced him to choose between the processing of his administrative record request or the processing of his request for reconsideration of his designation.

6.  Forcing Rakhimov to choose between the processing of these requests—as opposed to processing both requests simultaneously—is a departure from prior agency practices as to how these types of requests from similarly situated parties have been responded to.

7.  While Rakhimov has already provided significant evidence and legal arguments establishing that his designation should be rescinded, he remains deprived of notice as to the full reasons for his designation, including the conclusions, findings, and reasoning relied upon for his designation.

8.  Through the administrative means available to him, Rakhimov has sought to obtain sufficient notice from Defendants so that he can meaningfully address his designation. Defendants, however, have left Rakhimov with the choice of either seeking delisted blinded as to the full reasons for his designation or to wait an indeterminable amount of time for OFAC to provide such notice before he can make any meaningful challenge to that designation.

9.  Only an extraordinary remedy can compel Defendant's unlawful actions and unreasonable delay under the Administrative Procedure Act ("APA"). Accordingly, Rakhimov seeks judicial redress through a request for injunctive and/or declaratory relief.

## JURISDICTION AND VENUE

10.  This action arises under the United States Constitution, the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq*., and the Administrative Procedure Act, 5 U.S.C.

§ 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

11. This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

12. Venue is proper in the District of Columbia as this is the district in which the events giving rise to the complaint occurred and in which Defendants reside. *See* 28 U.S.C. §§ 1391(b) and (e).

## THE PARTIES

13. Plaintiff Gafur-Arslanbek Akhemdovich Rakhimov is and was at all times relevant herein a citizen of the Russian Federation and of the Republic of Uzbekistan. Plaintiff is currently residing in Villa R1, Sawsan Street, 2, Emirates Hills, Dubai, U.A.E.

14. On or about February 23, 2012, Rakhimov was designated pursuant to E.O. 13581, and his name was included on OFAC's SDN List. He appears on the SDN List with the "[TCO]" identifier.

15. OFAC is a United States federal administrative agency located at the United States Department of the Treasury, 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. The United States Department of the Treasury is responsible for maintaining the financial and economic security of the United States. The United States Department of the Treasury is also responsible for overseeing various offices, including OFAC. OFAC is responsible for maintaining and administering the SDN List, including by adding and removing persons to and from the SDN List consistent with E.O. 13581, and the regulations in 31 C.F.R. Parts 501 and 576, the "Reporting, Procedures and Penalties Regulations" and "Iraq Stabilization and Insurgency Sanctions Regulations," respectively.

16.     Defendant Andrea M. Gacki is the Director of OFAC. Ms. Gacki is sued in her official capacity.

**FACTUAL ALLEGATIONS**

17.     While Rakhimov was originally designated in February 2012 for acting for or on behalf of the formerly designated Brother's Circle, OFAC revised his designation on December 22, 2017 to allege that he instead provides material support to the Thieves-in-Law, a criminal organization that was simultaneously designated under E.O. 13581. *See* U.S. Dept. of the Treasury's Press Center, *Treasury Targets the "Thieves-in-Law" Eurasian Transnational Criminal Organization*, Dec. 22, 2017; *See also* 82 Fed. Reg. 61,662.

18.     On August 1, 2018—through two separate submissions to OFAC—Rakhimov requested administrative reconsideration of his E.O. 13581 designation, and the administrative record relied upon by the agency for his designation.

19.     On August 10, 2019, OFAC acknowledged Rakhimov's request for reconsideration, assigning it Case ID TCO-14038.

20.     Rakhimov proceeded to submit a substantive submission in support of his request for reconsideration on September 20, 2018. That submission contained evidence and arguments that Rakhimov believed would demonstrate that any conceivable basis for the designation had been negated. Specifically, that submission addressed the bases and allegations that could be discerned from OFAC's February 23, 2012 and December 22, 2018 press releases announcing Rakhimov's designation.

21.     The September 20, 2018 submission included arguments that Rakhimov: 1) is not a leader in Uzbek organized crime; 2) does not operate international drug syndicates involved in the trafficking of heroin; 3) does not provide material support to the purported Thieves-in-Law; 4)

does not collaborate with the Thieves-in-Law on business; and 5) is not a leading criminal nor involved in the heroin trade.

22. On September 25, 2018—without mentioning Rakhimov's September 20, 2018 submission—OFAC acknowledged receipt of Rakhimov's August 1, 2018 request for the administrative record and assigned that request Case ID TCO-14050.

23. Further, the September 25, 2018 acknowledgement stated that it would first process TCO-14050—the administrative record request—prior to processing TCO-14083—the request for reconsideration. OFAC's stated reason for doing so was to ensure Rakhimov has a better understanding as to the basis of OFAC's designation and the information OFAC will be seeking from Rakhimov.

24. On October 4, 2018, Rakhimov requested a temporary stay of Case ID TCO-14050 until OFAC could review his September 20, 2018 submission and issue a questionnaire seeking clarifying, corroborating, or other additional information with respect to its consideration of Rakhimov's request for reconsideration. That request made it clear that the stay was to ensure the case could progress more expeditiously.

25. Although OFAC did not formally approve Rakhimov's October 4, 2018 temporary stay request, the agency did issue him a questionnaire on October 12, 2018, seeking information relevant to OFAC's reconsideration of his designation. That questionnaire, however, did not consider Rakhimov's September 20, 2018 submission, as it sought information that was already provided through that submission—*e.g.*, the existence of any interests in U.S. accounts, assets, or property interests.

26. Rakhimov responded to OFAC's questionnaire on January 10, 2019, and also provided legal arguments to support his contention that there was no lawful basis for OFAC to maintain his

designation. Specifically, that response provided: 1) personal identifying data; 2) current and previous employment information; 3) explanations of his relationships or lack thereof with certain persons; 4) information regarding shared accounts or assets with certain persons; 5) the non-existence of any interests with respect to U.S. accounts, assets, or property; 6) the non-existence of any real property in the United States; and 7) details regarding his previous travel to the U.S.

27. In that response, Rakhimov explained that he had not interacted with any persons OFAC had inquired about that are allegedly connected to The Brother's Circle and/or Thieves-in-Law for a considerable amount of years, with the exception of Sergey Moskalenko.

28. With respect to his relationship with Moskalenko, Rakhimov's response identified that Moskalenko was designated for acting for or on behalf of Rakhimov—not the other way around—and their relationship was limited to a personal friendship with some infrequent, legitimate business dealings. The response argued that this relationship could not be construed to be a provision of support or services to Thieves-in-Law by Rakhimov.

29. Rakhimov's response also requested disclosure of any information OFAC had demonstrating any purported on-going relationship with any of the parties OFAC identified in its questionnaire that the agency believed demonstrated his alleged support or services to Thieves-in-Law. As part of this request, Rakhimov the disclosure of an unclassified summary of that information if necessary. OFAC, to date, has not provided any such information.

30. The January 10, 2019 response also addressed OFAC's allegations that Rakhimov was one of "…Uzbekistan's leading criminals…" *Id*. It did so by noting that the sole criminal proceeding ever initiated against Rakhimov had been dismissed completely by Uzbekistan's Prosecutor General, because those charges were politically driven and had been corruptly perpetrated by Gulnara Karimova, a person herself designated on the SDN List pursuant to the Annex of E.O.

13818 for engaging in corruption. Specifically, the criminal action against Rakhimov had ceased on the basis of Article 83, item 2 of the Criminal Procedural Code of the Republic of Uzbekistan which allows for an acquittal on charges where the facts do not support a finding that the law has been breached. The response further noted that to the extent that OFAC was relying on any of the allegations from the Uzbek criminal matter as basis for Rakhimov's designation, that those allegations had been negated by the dismissal and the corrupt nature of the criminal proceedings.

31. On February 13, 2019, Rakhimov again sought to obtain the administrative record underlying his designation by requesting a removal of the temporary stay of TCO-14050 and a dual processing of both the request for the administrative record and the request for reconsideration. The request further other cases in which persons seeking to challenge their designations before OFAC were having the same requests processed simultaneously. Thus, the request asked OFAC not to deviate from its standard practice.

32. Rakhimov's February 13, 2019 request further noted that OFAC's position in only processing either his request for reconsideration or his administrative record request, exclusively and not concurrently, would delay and harm his right to be heard through the administrative reconsideration process. The request asserted that this would leave Rakhimov with an infeasible choice between waiting an indeterminate amount of time to understand what information needs to be responded to in the reconsideration process or to challenge his designation without a full picture of OFAC's underlying reasons and supporting evidence.

33. In addition, Rakhimov's February 13, 2019 request repeated his appeal for the classified or privileged portions of the administrative record be disclosed to the fullest extent possible, including through the provision of an unclassified/non-privileged summary.

34. Although OFAC acknowledged receipt of the request for removal of the temporary stay, it has yet to disclose any portions of the administrative record underlying Rakhimov's designation.

35. Instead, on April 17, 2019, OFAC issued a second questionnaire to Rakhimov for the purpose of evaluating his reconsideration request.

36. The April 17, 2019 questionnaire requested details and clarifications on Rakhimov's January 10, 2019 responses to OFAC's previous questionnaire, as well as Rakhimov's responses to certain new questions.

37. As OFAC continued to illicit information from Rakhimov concerning his request for reconsideration despite not providing him with the administrative record underlying his designation—a circumstance they initially said they wanted to avoid—Rakhimov elected to stay the processing of his administrative reconsideration request. To that end, on June 25, 2019, Rakhimov formally requested a temporary stay of his pending administrative reconsideration request with OFAC and requested that the agency to immediately process and disclose the administrative record underlying his designation.

38. Rakhimov's submission noted that notwithstanding Rakhimov's efforts to resume TCO-14050 in February 2019, OFAC had yet to make any disclosures. Without that information, Rakhimov argued, he was not being afforded adequate notice as to the basis of his designation and could therefore not respond to OFAC's April 17, 2019 questionnaire in a manner that was material to the bases, conclusions, and findings relevant to his designation.

39. OFAC granted Rakhimov's June 25, 2019 stay request on July 11, 2019. Since that time, it has not disclosed any portion of the administrative record.

40. As a result of Rakhimov's designations and the allegations that OFAC has made against him, Rakhimov's business and financial interests, along with his reputation, have been

significantly and irreparably harmful. Further, the direct legal consequence of OFAC's designation blocks Rakhimov from the U.S. financial system or from being involved in any transaction or dealing with a U.S. nexus. Moreover, due to the extraterritorial impacts of U.S. sanctions, foreign parties have been reluctant to engage in any transactions or dealings with Rakhimov out of a fear of exposing themselves to U.S. sanctions risk. Therefore, the designation has caused Rakhimov severe and irreparable harm, that will be prolonged during the duration of OFAC's failure to disclose to him the administrative record underlying his designation.

## LEGAL CLAIMS

### COUNT I

**FAILURE TO DISCLOSE THE ADMINISTRATIVE RECORD UNDERLYING RAKHIMOV'S DESINGATION WITHIN A REASONABLE TIME IS IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

41. Plaintiff Rakhimov re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

42. The APA mandates that agencies, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time…shall proceed to conclude a matter presented to it," and that courts "shall…compel agency action…unreasonably delayed." 5 U.S.C. §§ 555(b) and 706(1).

43. "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

44. Plaintiff filed his request for the administrative record on August 1, 2018. Defendants, however, have failed to resolve that request since that time, all the while mishandling the matter and causing further unnecessary delays.

45.     Defendants' failure to disclose the administrative record in a timely manner constitutes unreasonable delay of agency action under the APA and should be compelled by this Court.

## COUNT II

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE AS TO THE BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING PLAINTIFF VIOLATES THE FIFTH AMENDMENT RIGHT TO DUE PROCESS

46.     Plaintiff Rakhimov re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

47.     In the post-deprivation context, the Fifth Amendment's Due Process Clause requires notice reasonably calculated under all the circumstances to apprise aggrieved parties of the allegations against them so that they have the opportunity to make a meaningful response.

48.     Defendants are required to provide Rakhimov with an understanding of the bases, conclusions, findings, and reasoning supporting their designation action, so that Rakhimov may have an opportunity to make a meaningful response.

49.     At no time since Rakhimov's initial February 23, 2012 designation have Defendants disclosed any portion of the administrative record underlying or otherwise supporting his designation under E.O. 13581.

50.     Defendants' failure to provide Rakhimov with prompt, adequate, and fair notice of the basis, conclusions, and reasons relied upon to designate him or otherwise maintain his designation violates his right to due process under the Fifth Amendment to the United States Constitution.

## COUNT III

### DEFENDANTS' FAILURE TO PROVIDE SUFFICIENT NOTICE AS TO THE BASES, CONCLUSIONS, AND REASONS FOR DESIGNATING PLAINTIFF VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

51. Plaintiff Rakhimov re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

52. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or without observance of procedure required by law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A) and (D).

53. Post-deprivation due process requires sufficient notice to be given to an aggrieved party. Sufficient notice requires Defendants to provide Rakhimov with an understanding of the bases, conclusions, findings, and reasoning relied upon in support of his designation, so that he may have an opportunity to make a meaningful response.

54. At no time since Rakhimov's initial February 23, 2012 designation have Defendants disclosed any portion of the administrative record underlying or otherwise supporting his designation under E.O. 13581.

55. Defendants' failure to provide Plaintiffs' with adequate and fair notice of the information and analysis relied upon to support their designation or otherwise maintain their designations is not in accordance with the law, and without observance of procedure required under the APA, in violation of OFAC's due process obligations, and therefore in violation of the APA.

### COUNT IV

### DEFENDANTS' DISPARATE TREATMENT OF SIMILARLY SITUATED PARTIES VIOLATES THE ADMINISTRATIVE PROCEDURE ACT

56. Plaintiff Rakhimov re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

57. Agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, shall be held unlawful by a reviewing court and set aside. 5 U.S.C. § 706(2)(A).

58. The manner in which the Defendants have processed Rakhimov's request for reconsideration is unprecedented—insofar as OFAC refused to simultaneously process both his request for reconsideration and request for the administrative record underlying Rakhimov's designation—an constitutes disparate treatment of his requests. The manner in which OFAC has addressed these requests has led to unnecessary delays in the processing of each request.

59. Defendants' disparate treatment of Rakhimov's requests compared to identical requests made by similarly situated parties—without explanation and in deviation from prior agency practice—constitutes agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and thus in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Gafur-Arslanbek Akhemdovich Rakhimov prays for injunctive relief and/or declaratory judgment from this Court, and asks the Court to:

1. Review all material that OFAC relied upon to designate Rakhimov;

2. Declare Defendants' failure to provide Rakhimov with the administrative record relied upon in support of his designations to be a violation of post-deprivation due process required by the U.S. Constitution and/or the APA;

3. Order OFAC to release the administrative record underlying Rakhimov's designation by providing: (1) the unclassified, declassified, or otherwise non-privileged portions of the administrative record; (2) an unclassified summary of the classified or otherwise privileged portions of the administrative record; and (3) a statement of reasons or evidentiary memorandum outlining the factual bases, conclusions, findings, and reasoning for Rakhimov's designation;

4. Declare any of OFAC's findings, conclusions, or actions in support of Rakhimov's designation under E.O. 13581 that are found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law to be unlawful under the APA, and jointly or severally set aside those findings, conclusions, or actions;

5. Declare Rakhimov's continued designation under E.O. 13581 to be unlawful under the APA;

6. Order Defendants to rescind Rakhimov's designation under E.O. 13581 and remove his name from OFAC's SDN List;

7. Grant an injunction vacating Rakhimov's designation under E.O. 13581 as well as his identification on OFAC's SDN List;

8. Grant an award to Rakhimov of his costs and attorneys' fees incurred in this action; and

9. Award Rakhimov any other and further relief as the Court may deem just and proper.

August 23, 2019

Respectfully submitted,

/s/ Erich C. Ferrari
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Attorney for Plaintiff*
*Gafur-Arslanbek*
*Akhemdovich Rakhimov*